IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASCOT BUILDING SERVICES INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-01755-M |
| | § | |
| IOWA CONCRETE LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss, filed by Defendants Iowa Concrete, LLC and Millis Transfer, LLC. ECF No. 7. For the following reasons, the Motion is **GRANTED**.

**I.     Factual and Procedural Background**

On June 29, 2022, Plaintiff Mascot Building Services, d/b/a JW Mechanical & Industrial Services, filed suit against Defendants Iowa Concrete, LLC and Millis Transfer, LLC, in Johnson County, Texas. Plaintiff asserts claims of breach of contract, quantum meruit, foreclosure on a mechanic's lien, and attorneys' fees, arising from Defendants' alleged failure to compensate Plaintiff for installing new HVAC systems. ECF No. 1-3 ("Petition") at 3–4. Specifically, Plaintiff alleges that, pursuant to a contractual arrangement, it worked as a subcontractor of Iowa Concrete from September through November 2021. *Id.* at 2. Plaintiff alleges that it fulfilled its contractual obligation to Iowa Concrete by "providing and performing all labor, materials, tools, supervision and equipment necessary to provide and install new HVAC systems," which the Petition defines as "the Work" for the property located at 3501 South I-35 W, Burleson, Texas 76028 ("the Project"). *Id.* Plaintiff alleges that Iowa Concrete has failed and refused to pay

Plaintiff for the Work, and Plaintiff is owed $100,294.89.  Plaintiff further alleges that on April 20, 2022, it filed and served on Defendants a First Tier Subcontractor's Affidavit of Claim for Mechanic's Lien in the amount of $76,967,89, in connection with the Work for Defendants.  *Id.* at 2.  The Affidavit attached to the Petition identifies Defendant Millis Transfer as the owner of the property at 3501 South I-35 W in Burleson.

On August 11, 2022, Defendants removed the case to this Court, and now seek dismissal under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 7.

## II.     Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This pleading standard does not require "detailed factual allegations," but it demands more than an unadorned accusation devoid of factual support.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face.  *Twombly*, 550 U.S. at 570.  The Court must accept all of the plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Id.* at 555.  Where the factual allegations do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.  *Iqbal*, 556 U.S. at 678.

## III.    Analysis

Defendants move to dismiss all of Plaintiff's claims, contending that Plaintiff has failed to plausibly state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

### i. Breach of Contract and Mechanic's Lien Claims

Defendants argue that Plaintiff's breach of contract and mechanic's lien claims are deficient because Plaintiff has failed to plead sufficient facts as to the existence of a contract. The Court agrees.

Both a breach of contract and foreclosure of a mechanic's lien claim are premised on the existence of a contract. Under Texas law, to successfully plead a breach of contract claim, Plaintiff must allege that: (1) there was a valid contract; (2) Plaintiff performed; (3) the Defendant breached duties under the contract; and (4) Plaintiff suffered damages as a result of the Defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). In addition, to successfully establish the right to foreclose on a mechanic's lien, the Plaintiff must first establish the right to the lien itself. *See, e.g.*, *Gibson v. Bostick Roofing & Sheet Metal Co.*, 148 S.W.3d 482, 493 (Tex. App.—El Paso 2004, no pet.) ("In any foreclosure suit, the plaintiff must establish the existence of a valid obligation owing to him by the defendant because foreclosure is merely a method of assuring payment of the plaintiff's claim."). "Whether the lien be created by statute, or directly by the constitution, ownership of the property and a contract binding upon the owner are indispensable." *Id.* (quoting *Blesoe v. Colbert*, 120 S.W.2d 909, 910 (Tex. App.—Eastland 1938, no writ); *see also* Tex. Prop. Code. § 53.021 (one is entitled to a statutory mechanic's lien "if the person, *under a contract* with the owner or the owner's agent, trustee, receiver, contractor, or subcontractor, . . . labors or furnishes labor or materials for construction or repair of an improvement" (emphasis added)).

Here, Plaintiff's Petition does not plausibly allege the existence of a contract, nor does Plaintiff attach any contract to the Petition. Although the Petition alleges that Plaintiff provided work "as a subcontractor" and that Iowa Concrete's failure to pay "for the Work as agreed

3

constitutes a breach of contract," nowhere does the Petition allege the existence of a valid, enforceable contract between Plaintiff and either Defendant. *See generally* Petition. For instance, the Petition does not describe the terms of the alleged agreement between Plaintiff and Defendants, or the duties Plaintiff agreed to perform and the payment it would receive in exchange. Nor does the Petition specify whether the alleged contract is between Plaintiff and both Defendants, or with Iowa Concrete alone, or whether the contract is express or implied. Put simply, the Petition contains no factual allegations from which Plaintiff's claims of breach of contract can be fairly evaluated. Without more specificity regarding the alleged contractual arrangement, there is no way to evaluate Defendants' alleged duties, how those duties may have been breached, and whether Plaintiff's alleged damages resulted from that breach.

Accordingly, because Plaintiff has failed to allege the existence of a valid, enforceable contract or entitlement to a mechanic's lien pursuant to a contract, Plaintiff has failed to state a claim for breach of contract and foreclosure of mechanic's lien.

### ii. Quantum Meruit

Plaintiff asserts a claim for quantum meruit against both Defendants. The elements of an action for quantum meruit are the following: (1) the Plaintiff provided valuable services or materials; (2) the services or materials were provided for the Defendant; (3) the Defendant accepted the services or materials; (4) the Defendant had reasonable notice that the Plaintiff expected compensation for the services or materials. *See Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018).

Plaintiff alleges in the Petition that is entitled to recover under a theory of quantum meruit for "services rendered, labor performed and materials furnished to improve the Project which Defendants accepted and used and enjoyed with actual or constructive knowledge that

Plaintiff expected Defendants to pay therefor." Petition at 3.  The Court notes that, as pleaded in the Petition, Plaintiff's claim for quantum meruit amounts to little more than a bare recitation of the claim elements, and thus lacks sufficient factual allegations from which one can assess the plausibility of the claim.  For instance, other than being identified as the owner of the Property in the Mechanic's Lien Affidavit attached to Plaintiff's Petition, the Petition never explains the relationship of Millis Transfer with Plaintiff and Iowa Concrete, let alone plausibly allege that Millis Transfer accepted Plaintiff's alleged improvements to the Project or knew Plaintiff expected to be paid for them.

### b.  Attorneys' Fees

Defendant moves to dismiss Plaintiff's claim for attorneys' fees on the grounds that a request for fees is not an independent cause of action.  The Court agrees.  *See Redd v. Lambert*, 674 F.2d 1032, 1035 (5th Cir. 1982) (requests for attorney's fees are "collateral to the main cause of action").  To the extent Plaintiff asserts a claim for the recovery of attorneys' fees as an independent cause of action, it is **DISMISSED**.  Plaintiff may seek attorneys' fees in connection with a claim where the law allows for such recovery.

## IV.  Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff has leave to file an amended complaint, addressing the deficiencies described herein, within twenty-one days of the date of this Order.

**SO ORDERED**.

December 9, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

5